**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DELFIDO AGUILAR ESCOBAR, a/k/a DELFINO AGUILAR, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,** | |
| | **Case No. 16-cv-01909** |
| **Plaintiff,** | |
| **v.** | |
| **PASTA MIA, LTD., an Illinois corporation, d/b/a PASTA MIA, and PETER CARUSO, an individual,** | |
| **Defendants.** | |

## COMPLAINT

The Plaintiff, Delfido Aguilar Escobar a/k/a Delfino Aguilar ("Plaintiff" or "Aguilar Escobar"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Pasta Mia, Ltd. d/b/a Pasta Mia ("Pasta Mia") and Peter Caruso ("Caruso"), as follows:

### Nature of the Suit

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other back of the house employees, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a

collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

**Jurisdiction and Venue**

2.  This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**The Parties**

4.  Plaintiff is a former employee of the Defendants who worked as a cook for Defendants' Pasta Mia restaurant.

5.  Plaintiff worked for the Defendants during the last three years before the filing of this suit until January 2016.

6.  During the course of his employment, Plaintiff regularly handled goods, including perishable food and food products, that moved in interstate commerce.

7.  Plaintiff resides in and is domiciled within this judicial district.

8.  Defendant Pasta Mia is operated by Pasta Mia, Ltd., an Illinois corporation, and is doing business as Pasta Mia restaurant within this judicial district. The corporate officers and registered agent for Defendant Pasta Mia are also located within this judicial district.

9.  Upon information and belief, Defendant Pasta Mia earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

10.  Upon information and belief, Defendant Caruso is the owner of Defendant Pasta Mia.

11.     Defendant Caruso is the corporate secretary for Pasta Mia, Ltd.

12.     Defendant Caruso hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records. In furtherance of these duties, Defendant Caruso hired and fired the Plaintiff, set the Plaintiff's work schedule, and paid the Plaintiff's wages.

13.     Upon information and belief, Defendant Caruso resides in and is domiciled within this judicial district.

**Common Allegations**

14.     Plaintiff, and other kitchen employees including cooks and dishwashers (the "kitchen employees"), were directed to work, and did work, more than 40 hours in individual workweeks.

15.     Most recently, during most of 2015, Plaintiff was scheduled to work from 10:00 a.m. (or 11:00 a.m.) to 10:00 p.m. on Sunday and from 10 a.m. to 10 p.m. on Monday and Tuesday. Plaintiff was also scheduled to work from 4:00 p.m. to 10:00 p.m. on Thursday and from 10:00 a.m. to 10:30 p.m. on Friday and Saturday. Plaintiff did not typically work on Wednesday.

16.     Based on his work schedule, Plaintiff most recently worked over 60 hours in individual workweeks. Previously, during the last three years before the filing of this suit, Plaintiff also worked additional hours which caused him to work more than 70 hours in individual workweeks.

17.     Defendants paid Plaintiff on an hourly basis.

18.     During the last three years before the filing of this suit, Plaintiff's hourly rate of pay increased incrementally from $11.00 to $14.00.

3

19. Defendants regularly paid Plaintiff's wages by issuing him a payroll check for less than 40 hours of work in an individual workweek and paying the remainder of his hours in cash.

20. Under this scheme, Defendants initially issued payroll checks to Plaintiff showing his actual hourly rate at the time (e.g. $11.00, $12.00, $12.50.). Defendants then paid Plaintiff's remaining hours, including hours worked over 40 in a workweek, in cash at his straight-time rate.

21. After the Wage and Hour Division of the U.S. Department of Labor commenced an investigation into Defendants' wage and hour practices, Defendants began issuing payroll checks to Plaintiff falsely showing an hourly rate of $9.00 and occasionally purporting to show Plaintiff being paid overtime at the rate of $13.50.

22. In addition to issuing these false payroll checks, Defendants continued paying Plaintiff for his remaining hours worked, including hours worked over 40 in a workweek, in cash at his actual straight-time rate (e.g. $12.50, $13.00, $13.50, and $14.00).

23. Defendants did not compensate Plaintiff, and other kitchen employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

24. Defendants did not pay Plaintiff, and other kitchen employees, an overtime premium when they worked more than 40 hours in a workweek. Defendants' cash payments for hours in excess of 40 in individual workweeks were paid at straight-time rates.

25. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

26.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

27.     Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

28.     During the last three years before the filing of this suit, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

29.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

30.     During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the FLSA.

31.     During the last three years before the filing of this suit, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

32.     Defendant Pasta Mia was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

33.     Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other kitchen employees worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

34.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants issued false payroll checks to Plaintiff. Defendants also paid

5

Plaintiff's wages in cash in order to avoid reporting employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Delfido Aguilar Escobar a/k/a Delfino Aguilar, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Pasta Mia, Ltd. d/b/a Pasta Mia and Peter Caruso, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

36.     Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

37.     During the last three years before the filing of this suit, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

38.     Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

39.     During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

40.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

41.     Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

42.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Delfido Aguilar Escobar a/k/a Delfino Aguilar, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Pasta Mia, Ltd. d/b/a Pasta Mia and Peter Caruso, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relied as this Court deems appropriate and just.


Dated: February 3, 2016                Respectfully submitted,
                                       Delfido Aguilar Escobar, on behalf of
                                       himself and all other Plaintiffs similarly
                                       situated, known and unknown, Plaintiff




                                       /s/ Nicholas P. Cholis
                                       _____
                                       One of Plaintiff's Attorneys


7

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net