IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELFIDO AGUILAR ESCOBAR a/k/a DELFINO AGUILAR, on behalf of himself and all other Plaintiffs similarly situated known and unknown, ) ) ) ) | |
| ) | Case No. 16 CV 1909 |
| Plaintiff, ) ) | Judge Harry D. Leinenweber |
| v. ) ) | |
| PASTA MIA, LTD., an Illinois Corporation, d/b/a PASTA MIA, and PETER CARUSO, an individual, ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF AND DEFENDANTS' JOINT MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Delfido Aguilar Escobar a/k/a Delfino Aguilar, and Defendants, Pasta Mia, Ltd. and Peter Caruso ("Defendants") (Plaintiff and Defendants together will be referred to as the "Parties"), by their attorneys, seek approval of their settlement in this lawsuit. This lawsuit was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, the Parties state as follows:

1. On February 3, 2016, Plaintiff filed this lawsuit against Defendants alleging that they violated the FLSA and IMWL. (Dkt. No. 1). Specifically, Plaintiff alleged that he and other similarly situated individuals were not paid overtime wages and were not fully compensated for all hours worked. Defendants deny that they violated the FLSA and IMWL.

2. Since the filing of the lawsuit, Plaintiff and Defendants have engaged in extensive arm's-length settlement negotiations privately through counsel. The settlement negotiations

1

have resulted in a settlement between Plaintiff and Defendants. The terms of settlement are contained in the Settlement Agreement and Release, attached hereto as **Exhibit A**.

3. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Cheeks v. Freeport Pancake House,* 796 F.3d 199, 206 (2d Cir. 2015); *Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, the Parties request that this Court review the Settlement Agreement and Release and approve the same.

4. The settlement provides substantial relief to Plaintiff, and eliminates the inherent risks the Parties would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

5. Should Plaintiff's claims have proceeded, regardless of whether the case would have proceeded as a collective action under Section 216(b) of the FLSA, Plaintiff and Defendants would have completed discovery, briefed motions for class certification and/or to approve notice, potentially briefed dispositive motions and set the matter for trial. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay Plaintiff's attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.

6. Lastly, Plaintiff's attorneys' fees and costs are reasonable because of the issues presented in the case, and the amount of resources dedicated to analysis and prosecution of

Plaintiff's claims.

7. For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

8. The Parties have submitted an Agreed Proposed Order for the Court's consideration to Proposed_Order_Leinenweber@ilnd.uscourt.gov.

WHEREFORE, Plaintiff and Defendants respectfully request that this Court approve their negotiated Settlement Agreement and Release, and dismiss all of Plaintiff's claims in this lawsuit initially without prejudice, said dismissal to automatically convert to with prejudice on June 30, 2016 unless Plaintiff files a motion to reinstate on or before June 30, 2016 for Defendants' failure to comply with the Settlement Payment, with each party to bear its own fees and costs in accordance with the Settlement Agreement and Release.

Dated: April 14, 2016

| | |
|---|---|
| /s/ Matthew P. Kellam | /s/ Timothy Nolan (with consent) |
| Antonio Caldarone | Timothy Nolan |
| Matthew P. Kellam | Nicholas P. Cholis |
| Laner Muchin, Ltd. | Nolan Law Office |
| 515 North State Street, Suite 2800 | 53 W. Jackson Blvd., Suite 1137 |
| Chicago, Illinois 60654 | Chicago, IL 60604 |
| (312) 467-9800 | (312) 322-1100 |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

Matthew P. Kellam, an attorney, hereby certifies that on April 14, 2016, he caused the foregoing **Plaintiff and Defendants' Joint Motion for Approval of Settlement Agreement** to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by operation of the Court's CM/ECF system and served on all counsel of record as follows:

>Timothy M. Nolan
>Nicholas P. Cholis
>Nolan Law Office
>53 West Jackson Boulevard, Suite 1137
>Chicago, IL 60604-3207
>(312) 322-1100
>tmnolanlaw@sbcglobal.net
>n.cholis.nolanlaw@sbcglobal.net

>/s/Matthew P. Kellam
>Matthew P. Kellam