# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Delfido Aguilar Escobar a/k/a Delfino Aguilar (the "Plaintiff"), and Pasta Mia, Ltd. d/b/a Pasta Mia ("Pasta Mia") and Peter Caruso (together referred to as "Defendants") (Plaintiff and Defendants collectively are referred to as the "Parties"), to completely settle and resolve all issues between the Parties, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*, Case No. 16 cv 01909, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants deny each and every allegation in the Lawsuit, and deny that they in any way violated the listed statutes, or were otherwise liable to Plaintiff.

WHEREAS, Plaintiff and Defendants now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised in the Lawsuit by Plaintiff against Defendants.

Therefore, in consideration of the mutual promises set forth below, the Parties agree as follows:

**1. Settlement Payment**

In consideration for the promises in this Agreement, Defendants shall pay Plaintiff the gross sum of Forty-Two Thousand Five Hundred and 00/100 Dollars ($42,500.00), as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon: (1) Plaintiff signing this Agreement; (2) approval of this Agreement by the Court; and (3) dismissal of the Lawsuit as provided in Paragraph 3 of this Agreement. The Settlement Payment shall be made in two installments.

(a) By May 1, 2016, provided all of the requirements set forth in this Paragraph 1 have been satisfied by that date, Defendants shall deliver to Plaintiff's attorneys, as the first installment, the following three checks:

(i) One check payable to "Delfido Aguilar Escobar" in the gross amount of Thirteen Thousand Three Hundred Thirty-Seven and 50/100 Dollars ($13,337.50), less required legal withholdings, for alleged unpaid wages. The withholding rate for Plaintiff's federal taxes will be capped at twelve percent (12%). Defendants shall issue Plaintiff an IRS Form W-2 for this payment. Plaintiff will apply for a Taxpayer Identification Number ("TIN") related to this payment and, upon receipt, shall furnish such number to Defendants.

(ii) One check payable to "Delfido Aguilar Escobar" in the gross amount of Five Thousand Six Hundred Sixty-Two and 50/100 Dollars ($5,662.50), without tax withholdings, for liquidated damages, interest, penalties, and for other consideration. Plaintiff agrees to provide Defendants a completed IRS Form W-9 as a condition of this payment, and Defendants will issue Plaintiff an IRS Form 1099 for this payment.

        (iii)    One check payable to "Nolan Law Office" and delivered to Timothy Nolan in the amount of Eleven Thousand and 00/100 Dollars ($11,000.00) representing the first of two payments for Plaintiff's attorneys' fees and costs. Defendants will issue an IRS Form 1099 to Nolan Law Office for this payment (FEIN # 36-3982053).

    b.    By June 6, 2016, provided all of the requirements set forth in this Paragraph 1 have been satisfied by that date, Defendants shall deliver to Plaintiff's attorneys the second installment of the Settlement Payment, in the following two checks:

        (i)    One check payable to "Delfido Aguilar Escobar" in the gross amount of Seven Thousand Six Hundred Seventy-Five and 00/100 Dollars ($7,675.00), without tax withholdings, for liquidated damages, interest, penalties, and for other consideration. Plaintiff agrees to provide Defendants a completed IRS Form W-9 as a condition of this payment, and Defendants will issue Plaintiff an IRS Form 1099 for this payment.

        (ii)    One check payable to "Nolan Law Office" and delivered to Timothy Nolan in the amount of Four Thousand Eight Hundred Twenty-Five and 00/100 Dollars ($4,825.00) for Plaintiff's attorneys' fees and costs. Defendants will issue an IRS Form 1099 to Nolan Law Office for this payment (FEIN # 36-3982053).

**2.**    **<u>Release and Covenant Not to Sue</u>**

    (a)    To the greatest extent permitted by law, Plaintiff agrees to release Defendants and the other Released Parties (as defined in Paragraph 2(d)) regarding all claims he has or might have as of the time of execution of this Agreement, whether known or unknown. By way of explanation, but not limiting its completeness, Plaintiff hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges Defendants and the other Released Parties from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which were or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Plaintiff's employment with Pasta Mia, the cessation of his employment, and any alleged act or omission to act by Defendants or the other Released Parties, whether related or unrelated to his employment, occurring and/or accruing prior to the execution, by Plaintiff, of this Agreement.

    (b)    Without limiting the foregoing terms, this Agreement specifically includes all claims of Plaintiff concerning or in any way related to any alleged unpaid minimum wage, straight time wage, overtime wage, final compensation, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), the Chicago Minimum Wage Ordinance, and the Chicago Wage Theft Ordinance, and any claims of discrimination, harassment, retaliation and wrongful discharge, including claims under the

Americans with Disabilities Act, Illinois Human Rights Act, Title VII of the Civil Rights Act of 1964, and Family and Medical Leave Act. The release also includes any tort, and any and all claims Plaintiff may have arising from any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law.

(c) Plaintiff understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action instituted by either party alleging a breach of this Agreement. This provision does not restrict Plaintiff's right, pursuant to Paragraph 3 below, to file a motion to reinstate on or before June 30, 2016 if Defendants fail to comply with their obligations to make the Settlement Payment.

(d) Except as otherwise stated herein, Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against Defendants, as those released claims are defined in Paragraph 2(a) above, and any affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister companies, and as intended third-party beneficiaries, each of their vendors, predecessors, successors, heirs and assigns, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

(e) This Agreement includes and extinguishes all claims Plaintiff may have for equitable and legal relief, attorneys' fees and costs, as those released claims are defined in Paragraph 2(a) above. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates his claims for attorneys' fees and costs, and he hereby waives, compromises, releases and discharges any such claims and liens.

(f) Plaintiff promises and covenants that he will not file any lawsuit against Defendants or any of the other Released Parties based upon any claim covered under the foregoing release, except that Plaintiff is not prohibited from filing a charge or cooperating with any government agency investigation.

(g) Nothing in this release and covenant not to sue restricts Plaintiff's right or the rights of Defendants and the other Released Parties to enforce this Agreement and the promises set forth herein.

3. **Stipulation of Dismissal**

The Parties agree to submit this Agreement to the Honorable Judge Harry D. Leinenweber for court approval. The Parties request dismissal of the Lawsuit to be initially without prejudice, without fees and costs other than those provided in this Agreement. Said dismissal without prejudice shall automatically convert to a dismissal with prejudice on June 30, 2016, unless Plaintiff files a motion to reinstate for Defendants' failure to comply with their Settlement Payment obligations as addressed in Paragraph 1 above.

It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that he does not presently have any claims pending against Defendants or the other Released Parties before any court, agency or other person/entity other than those identified herein.

### 4. Plaintiff's Acknowledgement of Compensation

Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated him for all wages, including minimum wage and overtime pay, for each hour he worked for Defendants, and for any other damages and liquidated damages to which he alleges that he is entitled.

### 5. Consideration Period

Plaintiff understands that he has been given ten (10) days to consider and sign this Agreement (the "consideration period"), and agrees that this consideration period has been reasonable and adequate.

### 6. Entire Agreement

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois.  Plaintiff and Defendants further agree that this Agreement sets forth the entire agreement between the Parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.  No other promises or agreements shall be binding unless made in writing and signed by Plaintiff, Pasta Mia and Peter Caruso.

### 7. Full Knowledge, Consent, And Voluntary Signing

The Parties also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this Agreement; and they have been advised to consult with an attorney, and in fact have been represented by an attorney in this matter.

### 8. Taxation

Plaintiff agrees that he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the Settlement Payment designated as wages.  Plaintiff further agrees to indemnify Defendants from any liability against him by any taxing authority.

### 9. Nonassignment

Plaintiff expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against Defendants or the other Released Parties (as defined in Paragraph 2(d)); (b) any rights that he may have to assert claims on their behalf or on behalf of others against Defendants or the other Released Parties; and (c) any right he has or may have to the Settlement Payment.  Plaintiff

promises that any monies, benefits or other consideration he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

10. **Confidentiality and Non-Disparagement**

Except as otherwise required by law, or as part of his participation in an investigation by a government agency, Plaintiff agrees that he will not discuss the terms of this Agreement to anyone except his attorneys and tax advisors. Additionally, Plaintiff agrees that he will refrain from making any disparaging statements, comments or remarks concerning any of the Defendants, except as otherwise required by law or as part of his participation in an investigation by a government agency. Defendants agree that Peter V. Caruso (the named Defendant) and Peter A. Caruso will refrain from making any disparaging statements, comments or remarks concerning Plaintiff, except as required by law or as part of their participation in an investigation by a government agency.

11. **Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the Agreement.

12. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, the Parties agree that the remaining portions shall not be affected and shall be given full force and effect.

13. **Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the other Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

14. **Medicare and Social Security**

Plaintiff hereby warrants and represents that Plaintiff is presently not, nor has he ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiff has no claim for Social Security Disability benefits nor is Plaintiff appealing or re-filing for Social Security Disability benefits. Plaintiff further warrants and represents that he did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of Plaintiff, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs. Plaintiff agrees to indemnify and hold Defendants and the other Released Parties harmless from: (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for

penalties based upon any failure to report the settlement payment, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to Defendants by Plaintiff. Plaintiff agrees to hold harmless Defendants and the other Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Plaintiff may sustain as a result of this Agreement.

15. **Right to Counsel**

Plaintiff acknowledges that he was informed that he has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel. Plaintiff acknowledges that he has been advised by competent legal counsel of his own choosing, Timothy Nolan, in connection with the review and execution of this Agreement, and that he had an opportunity to and did negotiate over its terms. Plaintiff further acknowledges that the terms of this Agreement were translated to him from English to Spanish, and he fully understands these terms.

16. **Counterpart Signatures**

This Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

17. **Acknowledgement**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**CONFIDENTIAL**

**READ CAREFULLY.**
**THIS DOCUMENT CONTAINS AGUILAR'S RELEASE**
**AND WAIVER OF CLAIMS.**

| | |
|---|---|
| DELFIDO AGUILAR ESCOBAR a/k/a DELFINO AGUILAR | PASTA MIA, LTD. |
| | |
| _____ | _____ |
| Date: _____ | Its: _____ |
| | Date: _____ |
| | |
| | PETER CARUSO |
| | _____ |
| | Date: _____ |

## **INTERPRETER'S CERTIFICATE**

I hereby certify that before Delfido Aguilar Escobar a/k/a Delfino Aguilar signed the foregoing Settlement Agreement and Release, I orally translated its terms to him from English to Spanish.


Print Name:_____

Signature:_____

Date:_____